*676 On Application for Rehearing.
Fenner, J.
The contract, on which Relator’s judgment is founded, is dated December 11th, 1874.
His rights are regulated by the law in force at the date of his contract.
The question for solution is, what 'was the law in force on December 11th, J.874, as affecting tho power of parishes to levy taxes, and the rights of creditors to exact the levy thereof, for the purpose of paying their claims'?
The Act of 1869, authorizing the Judge, whenever he rendered a judgment against a parish, to order a levy of taxes sufficient for its payment, had not, it is true, been expressly repealed.
But in 1872, nearly three years prior to the date of Relator’s contract, tho legislature had enacted tlio following :
“ Nor shall the Police Jury of any parish levy a tax for any parish puiposes, except to pay indebtedness incurred prior to the passage of this Act, during any year, which shall exceed one hundred per centum of the State tax for that year, unless such excess shall be first sanctioned hy a vote of the majority of the voters, oto.” Acts of 1872, p. 56.
The exception sxiecifically stated, with reference to “ indebtedness incurred prior to the passage of this Act,” can leave no possible doubt of the legislative intention to apply the limitation, fixed therein, to all indebtedness, of whatever nature, incurred after the passago of the Act-, anil to restrict within the samé limit, tho operation of the Act of 1869. To hold otherwise would he to defeat, and to render of non-effect, the manifest purpose of the law.
In other words, the latter Act repealed hy implication the Act of 1869, in so far as it authorized Judges to require the levy of a tax exceeding the limit therein fixed, in satisfaction of judgments rendered for indebtedness incurred after its passage.
Tho next question is: What was the limit of taxation established hy the Act of 1872 9
This question was determined, by our predecessors, who hold that tho Act of 1872 limited tho power of parochial taxation to four mills on the dollar. Lafitte vs. Morgans, 29 A. 1.
We have already had occasion to express our approval of that decision. Shannon vs. Lane, 33 A. 490.
The limit of taxation thus fixed by law at the date of Relator’s contract, and the enlargement of that limit to ten mills, authorized by the Constitution of 1879, liad both been exhausted hy the parochial authorities at the date of the -mandamus herein applied for, and it is, therefore, impossible to grant the relief demanded hy Relator in the present case.
*677 Tlie principles announced in the original opinion herein are correct, bnl the error consists in the assumption that the limit of taxation, at the date of Relator’s contract, was 14-J mills, instead of 4 mills.
It is, therefore, ordered, that our former decree herein ho annulled and set aside; and it is now ordered, adjudged and decreed, that the judgment appealed from he annulled, avoided and reversed, and that Relator’s demand he rejected, at his proper cost in both Courts.
The Chief Justice, and Roché, J., concur in this opinion and decree, without reference to principles embodied in the previous opinion of the Court-
Levy, J., absent.